Robert T. Bell, Esq.
Seamus Molloy, Esq.
REEP, BELL, LAIRD & JASPER, P.C.
2955 Stockyard Road
P.O. Box 16960
Missoula, Montana 59808-6960
Telephone:  (406) 541-4100
Facsimile:  (406) 541-4101
Emails:  bell@westernmontanalaw.com
         molloy@westernmontanalaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MAX DOWNING, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| vs. | ) |
| | ) |
| SCOTTSDALE INDEMNITY | ) |
| COMPANY, NATIONWIDE MUTUAL | ) |
| INSURANCE COMPANY, and | ) |
| SELWAY CORPORATION, | ) |
| | ) |
| Defendants. | ) |

COMES NOW Plaintiff Max Downing, by and through his attorneys of record, and for his Complaint, states and alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff Max Downing ("Plaintiff") is an individual residing in Missoula, Montana.

2. Upon information and belief, Defendant Scottsdale Indemnity Company ("Scottsdale") is an Ohio for-profit corporation doing business in Montana with its principal place of business in Columbus, Ohio.

3. Upon information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio for-profit corporation doing business in Montana with its principal place of business in Columbus, Ohio.

4. Upon information and belief, Nationwide wholly owns and operates Scottsdale.

5. Defendant Selway Corporation ("Selway") is a Montana corporation doing business in Montana with its principal place of business in Stevensville, Montana. Selway is named only as an interested party in the declaratory action.

6. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and Defendants and the value of the controversy exceeds $75,000.

7. Venue is proper in this Court because a substantial part of the events and omissions that gave rise to this lawsuit occurred in the District of Montana and because the Defendants conduct business in Montana and are subject to personal jurisdiction in the District of Montana.

## GENERAL ALLEGATIONS

8. Plaintiff is an officer and director of Selway, a steel fabrication

company located in Stevensville, Montana.

9. Selway purchased a "Business and Management Indemnity Policy" from Scottsdale ("the Policy") (a true and correct copy of the Policy is attached as Exhibit A).

10. The insureds under the Policy include Selway, Selway's officers and directors, and the trustees and directors of Selway's employee benefit plans governed by ERISA.

11. The Policy applies to claims that are made against Selway or any of the other insureds between April 1, 2017, and April 1, 2018.

12. Under the Policy, Scottsdale has a duty to defend any claim made against an insured. The relevant policy language provides that: "It shall be the duty of the **Insurer** and not the duty of the **Insureds** to defend any **Claim**. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The **Insurer's** duty to defend any **Claim** shall cease when the Limits of Liability have been exhausted by the payment of **Loss** including **Costs, Charges and Expenses**." (See Exhibit A, § F of "Directors and Officers and Company Coverage Section" and § F of "Fiduciary Coverage Section") (Emphasis in the original).

13. The Policy's definition of "Claim" includes civil lawsuits filed against an insured.

14. On April 21, 2017, Steve Tenold, one of Selway's former employees, filed a complaint against Selway and Plaintiff, individually, in Montana state court. ("the Tenold Complaint") (a true and correct copy of the Tenold Complaint is attached as Exhibit B).

15. The Tenold Complaint alleges claims against Plaintiff as Selway's officer and director.

16. The Tenold Complaint also alleges that Plaintiff is a director and trustee of Selway Corporation's Employee Stock Ownership Plan (the "ESOP") and asserts claims against him in that alleged capacity.

17. If proven, the allegations in the Tenold Complaint would be covered losses under the Policy.

18. Plaintiff notified Scottsdale of the Tenold Complaint shortly after being served with the Complaint and requested that Scottsdale provide him with a defense, as is required by the Policy.

19. On May 9, 2017, Nationwide responded on behalf of Scottsdale. In its letter, Nationwide denied coverage and refused to provide Plaintiff with a defense.

## COUNT I – BREACH OF CONTRACT

20. Plaintiff realleges all other paragraphs of this complaint as if fully set forth herein.

21. Selway and Scottsdale entered into a valid insurance contract when they agreed to the terms of the Policy.

22. As an insured under the Policy, Plaintiff was an intended beneficiary of Selway and Scottsdale's contract.

23. Selway and Plaintiff fully performed their obligations under the Policy.

24. In exchange for premiums paid, Scottsdale agreed to, among other things, defend any claim made against an insured under the Policy.

25. Scottsdale breached its duties under the Policy by refusing to provide Plaintiff with a defense to the Tenold Complaint.

26. As a result of Scottsdales' breach of its duties under the Policy, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT II – VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES ACT (MONT. CODE ANN. § 33-18-201)

27. Plaintiff realleges all other paragraphs of this complaint as if fully set forth herein.

28. Through their handling of Plaintiff's claim, the Defendants violated Montana's Unfair Trade Practices Act, Mont. Code Ann § 33-18-201, *et seq.* (the "UTPA").

29. Plaintiff has suffered special and general damages as a result of the

Defendants' violation of the UTPA.

30. Plaintiff is entitled to recover all compensatory damages allowed by law.

## COUNT III – COMMON LAW BAD FAITH

31. Plaintiff realleges all other paragraphs of this complaint as if fully set forth herein.

32. Defendants engaged in a continuing course of tortious conduct during the handling of Plaintiff's claim. Defendants' conduct was unreasonable, in bad faith, and violated the implied covenant of good faith and fair dealing that the Defendants owed to the Plaintiff.

33. As a result of the Defendants' bad faith and violation of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IV – EXEMPLARY DAMAGES

34. Plaintiff realleges all other paragraphs of this complaint as if fully set forth herein.

35. Defendants' acts and omissions were committed with "actual malice" and "actual fraud" pursuant to Mont. Code Ann. § 27-1-221.

36. Accordingly, Plaintiff is entitled to recover exemplary damages in accordance with Mont. Code Ann. § 27-1-221.

## COUNT V – DECLARATORY RELIEF

37. Plaintiff realleges all other paragraphs of this complaint as if fully set forth herein.

38. Plaintiff seeks an adjudication of the parties' rights and responsibilities under the terms of the Policy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202.

39. There is an actual controversy between Plaintiff and the Defendants regarding the rights and responsibilities of the parties under the Policy.

40. Specifically, there is a controversy regarding the Defendants' obligation to provide Plaintiff with a defense to the allegations made in the Tenold Complaint.

41. Plaintiff seeks a determination that Scottsdale is obligated to defend the claims asserted against Plaintiff in the Tenold Complaint.

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. For judgment in favor of Plaintiff and against the Defendants;

2. For an award of damages in an amount to be determined at trial against the Defendants, jointly and severally;

3. For an award of exemplary damages in an amount to be determined at trial against the Defendants;

4. For an adjudication of the rights and responsibilities of the parties

under the Policy;

5.  For a declaration that Scottsdale is obligated to provide Plaintiff with a defense to the allegations made in the Tenold Complaint;

6.  For such other and further relief as the Court deems just and proper.

DATED this 29th day of September, 2017.

REEP, BELL, LAIRD & JASPER, P.C.


By: /s/      Seamus Molloy
    Seamus Molloy
    Attorneys for Plaintiff

### JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 29th day of September, 2017.

REEP, BELL, LAIRD & JASPER, P.C.


By: /s/      Seamus Molloy
    Seamus Molloy
    Attorneys for Plaintiff